COMMON PLEAS COURT
MICHELE K. MUMFORD
SHELBY COUNTY CLERK
CASE # 24CV000146

FILED 05/20/2024 09:58 AM

**IN THE COMMON PLEAS COURT, SHELBY COUNTY, OHIO**

JOSH ROBERTS
2913 NORTH TWEED COURT
BOISE, IDAHO 83702,

    **Plaintiff,**

v.

    Case No. __24CV000146__

    **JUDGE JAMES F. STEVESON**

AIRSTREAM CARAVANS, INC.
428 WEST PIKE STREET
JACKSON CENTER, OHIO 45334-0629,

**and**

AIRSTREAM, INC.
428 WEST PIKE STREET
JACKSON CENTER, OHIO 45334-0629,

**and**

AIRSTREAM, INC.
c/o CT CORPORATION SYSTEM,
STATUTORY AGENT
4400 EASTON COMMONS WAY, SUITE 125
COLUMBUS, OHIO 43219,

    **Defendants.**

## AMENDED COMPLAINT

Now comes plaintiff, Josh Roberts, and, for his Amended Complaint against defendants, Airstream Caravans, Inc., and Airstream, Inc., makes the following statements and allegations:

### JURISDICTION AND VENUE

1. Plaintiff, Josh Roberts, is an individual residing at the address beneath his name in the above case caption., and he voluntarily submits to the personal jurisdiction of the Court.

2. Defendant, Airstream Caravans, Inc., is an Ohio for-profit corporation located at the address beneath its name in the above caption; was organized pursuant to the laws of the state of Ohio and assigned by the Ohio Secretary of State Charter No. 248058, effective November 21, 1962; and the Court has jurisdiction over it and the case pursuant to Sections 2307.382, Revised Code, and the forum selection provision contained in defendant's express warranty.

3. Airstream, Inc., is a Nevada corporation permanently licensed by the Secretary of State of Ohio to do business in Ohio pursuant to Certificate No. 560105.

4. The Court has jurisdiction of the case pursuant to Section 2305.01, Revised Code.

5. Venue is proper pursuant to Rule 3 (C) (1), (2), (3), and (6) of the Ohio Rules of Civil Procedure.

**COMMON FACTS**

6. On or about July 15, 2022, plaintiff, Josh Roberts, purchased from Southaven RV & Marine of Southaven, Mississippi, RCD RV a new 2022 Airstream 23CBB Flying Cloud recreational vehicle (the "RV"), bearing Vehicle Identification No. 1STB9AG27 NJ563156, for the purchase price of $82,255.00. A copy of the buyer's order (the "Contract) is attached hereto although plaintiff is not suing on the contract with his seller.

7. The sale and delivery of the RV included the issuance to plaintiff by defendant of defendant's Express Limited Warranty (the "Warranty") which contains limited remedies which warranty and remedies have failed their essential purposes due to the inability of defendant to correct certain defects and malfunctions in the RV to bring it into conformity with the Warranty. A copy of the written express limited

2

        warranty is not attached hereto because it is a standard written express limited warranty numerous duplicate originals of which defendant has in its possession, and plaintiff does not possess a complete version of the Warranty.

8. The state of Mississippi, the location of the sale of the RV and the issuance of the Warranty, has adopted the Uniform Commercial Code.

9. The state of Mississippi had in place on the date of the sale of the RV and the issuance of the Warranty the Mississippi Consumer Protection Act (the "MCPA") at MS Code § 75-24-5 (2019), which provides at Section 75-24-15 a private right of action, and informal dispute resolution attempts have failed.

10. Plaintiff is a consumer pursuant to the Ohio Consumer Sales Practices Act, Sections 1345.01, *et seq.*, Revised Code ("CSPA"), and the MCPA.

11. Defendant is a person pursuant to Section 1345.01 (B) of the CSPA and the MCPA.

12. Defendant is a supplier of consumer services, the Warranty, and consumer goods, the RV, pursuant to the CSPA and the MCPA.

13. The transfer of the Warranty by defendant to plaintiff is a consumer transaction pursuant to the CSPA and the MCPA.

14. The RV has been returned to defendant's authorized repair facilities under the Warranty, which authorized repair facilities are defendant's agents, on multiple occasions for failed repair attempts under the Warranty to correct the RV's defective and malfunctioning electric braking system which defects and malfunctions have caused an inordinate number of tire blowouts, other tire failures, and other consequences detrimental to plaintiff.

15. Defendant's authorized repair facilities have diagnosed and verified the defects and malfunctions referred to above.

16. Defendant has also independently diagnosed and verified the defects and malfunctions referred to above.

17. The unrepaired defects and malfunctions are nonconformities to the Warranty.

18. Despite having been given reasonable opportunities to correct the above defects and malfunctions, defendant has been unable to bring the RV into conformity with the Warranty,

19. The defects and malfunctions still exist.

20. Defendant has blamed plaintiff for the effects of the defects and malfunctions by suggesting that the fault lies with plaintiff's choice of a tow vehicle among other of plaintiff's' alleged errors.

21. Defendant's position in this regard is disingenuous and a ruse given that plaintiff has used fourteen (14) different tow vehicles with the same resulting tire failures, and plaintiff has otherwise performed all terms and conditions and his obligations pursuant to the Warranty.

22. The defects and malfunctions referred to above substantially impair the use and value of the RV to plaintiff, and plaintiff's faith in the integrity and reliability of the RV has been substantially undermined.

23. The Vehicle is not fit for its intended purpose nor is it of merchantable quality despite the representations by defendants in its advertisements and sales presentations.

24. Defendant has breached the terms and conditions and its obligations pursuant to the

4

Warranty.

25. On or about April 30, 2024, plaintiff provided defendant with the UCC required written notice of its breaches of the Warranty and all warranties implied in law each of which is due to its inability to correct the defects and malfunctions.

26. In the UCC required written notice referred to above, plaintiff revoked acceptance of the RV and the Warranty and rescinded the transaction. A copy of the letter of notice of breaches and revocation of acceptance is attached hereto.

27. Defendant has failed to honor plaintiff's written and timely notice of its breaches.

## COUNT ONE

### BREACH OF EXPRESS & IMPLIED WARRANTIES

28. Plaintiff incorporates the allegations of paragraphs 1 through 27.

29. As a direct, proximate, and legal result, defendant is liable to plaintiff for the remedies contained in the Ohio UCC and/or the Mississippi UCC each of which includes a return of the RV and Warranty to defendant because of plaintiff's rightful and timely notice of defendant's breaches and his revocation of acceptance of the RV and the Warranty or for compensatory damages not cured by revocation of acceptance.

## COUNT III

### VIOLATION OF THE FEDERAL MAGNUSON-MOSS WARRANTY ACT

31. Plaintiff incorporates the allegations of paragraphs 1-29.

32. As a direct, proximate, and legal result, defendant is liable to plaintiff pursuant to 15 U.S.C. 2310, *et seq.,* and specifically 15 U.S.C. 2310 (d) (1) for rescission of the transaction of the transfer of the RV and the Warranty or for compensatory damages

and, in either event, reasonable attorney's fees.

**COUNT IV**

### VIOLATION OF CONSUMER PROTECTION LAWS

33. Plaintiff incorporates the allegations paragraphs 1-32.

34. A violation of the CSPA or the MCPA can occur before, during, or after the transaction.

35. The defects and malfunctions which were not cured after a reasonable number of repair attempts are each a nonconformity of the RV to the Warranty which breaches are each a violation of the CSPA and the MCPA.

36. Defendant represented to plaintiff that the RV and the Warranty had certain characteristics, uses, and benefits that they do not have.

37. Defendant represented to plaintiff that the RV and the Warranty were of a certain standard, quality, or grade of which they are not.

38. The representations of defendant are "unfair acts and practices" as defined by Section 1345.02 (A) and (B) of the CSPA and by Section 75-24-5 (2) (e) and (g) of the MCPA and by the case law interpreting it/them.

39. The representations of defendant are "deceptive acts and practices" as defined by Section 1345.02 (A) and (B) of the CSPA and by Section 75-24-5 (2) (e) and (g) of the MCPA.

40. The representations of defendant are "deceptive acts and practices" as defined by Section 1345.02 (A) and (B) of the CSPA and by Section 75-24-5 (2) (e) and (g) of the MCPA and by the case law interpreting it/them.

41. The representations of defendant are "unconscionable acts and practices" as defined

by Section 1345.03 (A) and (B) of the CSPA and by Section 75-24-5 (2) (e) and (g) of the MPA and by the case law interpreting it/them.

42. Where *scienter* is an element of unconscionability under the CSPA and the MCPA, the representations of defendant were done or were not done knowingly.

43. The representations of defendant are violations of Rules promulgated by the Ohio Attorney General and by the Mississippi Attorney General.

44. The representations of defendant are violations of holdings of cases on file with the Ohio Attorney General and the Mississippi Attorney General.

45. Defendant's failure to accept that the defects and malfunctions are inherent in the RV and, hence, the failure of the essential purpose of the Warranty, are each an unfair, deceptive, and unconscionable act or practice as defined in the CSPA and in the MCPA.

46. Defendant's attempt to gaslight plaintiff by disingenuously suggesting that the problem with the performance of the RV lies with his choice of tow vehicle is an unfair, deceptive, and unconscionable act or practice as defined in the CSPA and in the MCPA.

47. As a direct, proximate, and legal result, defendant is liable to plaintiff for actual economic damages including but not limited to plaintiff's losses and damages associated with defendant's unfair, deceptive, and/or unconscionable acts and omissions.

48. As a further direct, proximate, and legal result, defendant is liable to plaintiff for non-economic damages.

49. As a further direct, proximate, and legal result, defendant is liable to plaintiff for

7

treble actual economic damages pursuant to the CSPA and the MCPA.

50. Alternatively, as a direct, proximate and legal result, defendant is liable to plaintiff for rescission of the transaction for the sale of the RV and for the issuance of the Warranty; and for compensatory damages not cured by rescission; and, in either event, whether said plaintiff elects rescission or damages, defendant is liable for plaintiff's reasonable attorney's fees, expert witness fees, out-of-pocket litigation and litigation-related expenses, and court costs.

### DEMAND FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against defendant for relief in the form of revocation of acceptance of the RV and the Warranty; reimbursement of the cost of insurance for the RV, loss of its use, repair costs, storage costs, reasonable attorney's fees; compensatory damages in an amount which exceeds $25,000.00; rescission of the transaction or actual economic damages, actual non-economic damages in the maximum amount of $5,000.00, treble economic damages, and reasonable attorney's fees, prejudgment interest, interest on any judgment at the maximum rate allowable by law, other incidental and consequential damages to which plaintiff may be entitled, and costs of the action.

/s/Charley Hess
Charley Hess (0023350)
Attorney for Plaintiff
4248 Tuller Road, Suite 201
Dublin, Ohio 43017
(614) 442-5800 office
(614) 582-2191 mobile
(614) 442-5802 fax
charley@charleyhess.com